IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Michalowicz, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Adventist Health System/Sunbelt Inc. d/b/a ) | |
| AdventHealth Bolingbrook, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Now comes Plaintiff, Catherine Michalowicz by and through her attorneys, Rathje Woodward LLC, and for her verified Complaint against Advent Health System/Sunbelt Inc. d/b/a Advent Bolingbrook states as follows:

## PARTIES

1. Catherine Michalowicz ("Michalowicz") is an individual residing in Will county, Plainfield, Illinois.

2. Advent Health Systems/Sunbelt Inc. d/b/a AdventHealth Bolingbrook ("Advent") is a Florida corporation with its principal place of business in Altamonte Springs, Florida.

3. At all times relevant to the allegations in this Complaint, Advent is a corporation doing business in Illinois.

## JURISICTION AND VENUE

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §1331 because Plaintiff is alleging sexual harassment/discrimination and related

1

retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec.2000e *et seq.*

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims brought by Plaintiff against Defendant, because Plaintiff's claims derive from a common nucleus of operative facts and are part of the same case or controversy as the claims over which the Court has original jurisdiction.

6. Venue is proper in the Northern District of Illinois because the acts constituting harassment and retaliation described herein occurred in the Northern District of Illinois.

7. Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

8. At all relevant times Advent has employed at least fifteen (15) employees in the State of Illinois, and is an employer in an industry affecting commerce within the meanings of Sections 701(b)(g) and (h) of Title VII, 42 U.S.C. § 2000e(b)(g) and (h).

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff filed a charge of discrimination on the basis of sex and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the charge is attached hereto as **Exhibit A**.

10. Plaintiff received a Notice of Right to Sue from the EEOC on April 22, 2024. A true and accurate copy of the notice is attached hereto as **Exhibit B.**

11. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

**FACTUAL BACKGROUND**
**Michalowicz's Work History**

12. Michalowicz began working at Advent almost 17 years ago on October 19, 2007.

13. Michalowicz worked at the Advent Bolingbrook facility from the time it opened.

14. Michalowicz was hired as a Circulator, but later promoted to Charge Nurse, a position she held for 8 years.

15. Most recently, on August 3, 2021, Advent promoted Michalowicz again, this time to RN Manager.

16. As evidenced by her promotions, over the course of her tenure, Michalowicz maintained an excellent work record,.

**Sexual Harassment**

17. On information and belief, in approximately November, 2021 Michele Cheshareck ("Cheshareck") joined the Advent team.

18. Cheshareck is Advent's Director of Surgical Services and was Michalowicz's direct manager.

19. On April 10, 2023, after experiencing several offensive, hostile, and unwelcome situations with Cheshareck, Michalowicz filed a formal written complaint and emailed the complaint to Cherice Derrico ("Derrico"), Regional Employment Relations Specialist and Cherise Cherry ("Cherry"), VP, Chief People

3

Officer ("Complaint"). A copy of the Complaint is attached hereto as **Exhibit C**.

20. Therein, Michalowicz explained that among other things, in early March 2023 after a meeting in Cheshareck's office, with Antoine Pratt ("Pratt"), Regional Director of Supply Chain, Michalowicz and Cheshareck stepped into the office of Zofia Dorsz ("Dorsz").

21. While there, Cheshareck made numerous gay slurs and disrespectful comments related to Pratt's sexual orientation. Specifically, Cheshareck mentioned that he was "gay." She also stated, "what a fag" and "he's probably got a man wife."

22. She further commented that "he is probably married to cover up his sexual preference."

23. However, Cheshareck didn't stop there. She went on to make fun of the way Pratt dressed, and further opined that he "dresses like a gay."

24. Cheshareck also made fun of and chastised the way that Pratt spoke.

25. Michalowicz could barely believe that an Advent Director would make such egregious homophobic, discriminatory and harassing statements.

26. She was greatly offended by Cheshareck's comments and found them to be **extremely** hostile.

27. On a separate occasion, March 10, 2023, Michalowicz was in Cheshareck's office along with Elizabeth Moreno ("Moreno"), a Charge Nurse and Michalowicz's subordinate.[1] The parties were present for a leadership meeting.

---

[1] While Moreno was a witness as described herein, it is important to note that Michalowicz had previously reprimanded and corrected Moreno about a possible abuse of overtime. Thereafter, the relationship between Michalowicz and her subordinate became more contentious.

28. During the meeting, Dr. Armand Krikorian ("Dr. Krikorian"), Chief Medical Officer, called in to discuss an issue with Cheshareck.

29. As Dr. Krikorian was speaking, Cheshareck began gesturing like she was stroking a penis, and pointing her middle fingers with both hands toward the phone where she was speaking to Dr. Krikorian.

30. Michalowicz was greatly disturbed by Cheshareck's behavior. She found it extremely offensive, disrespectful, and vulgar.

31. Cheshareck's actions created an uncomfortable work environment for Michalowicz and her actions were completely unwelcome. Nevertheless, because Cheshareck was Michalowicz' manager, she wasn't sure how to respond.

32. Once again, Cheshareck's behavior had created a hostile work environment for Michalowicz.

## Retaliation

33. By March 27, 2023 it had become apparent to Michalowicz that Cheshareck realized that she had acted inappropriately in front of Michalowicz, and as a result, Cheshareck began treating Michalowicz differently and looking for excuses to discredit Michalowicz as a good employee.

34. While Michalowicz continued to work and perform her duties as normal, Cheshareck's discomfort and unease with her was evident in her body language.

35. On March 27, 2023, Cheshareck called Michalowicz into her office and claimed that unnamed staff had issues with Michalowicz and felt they couldn't trust

her. When Michalowicz asked, "which staff or which doctors," Cheshareck failed to provide any names.

36. Given that Michalowicz had successfully worked for Advent for almost 16 years, she was deeply concerned about Cheshareck's comments. Consequently, she reached out to some of the doctors that she regularly supported to get their input on any concerns.

37. Specifically, Michalowicz spoke with Dr. Sabharwal, Dr. Jabir and Dr. Wyers. All three denied hearing anything negative about Michalowicz or having any concerns with her. The same was true with respect to team members with whom Michalowicz regularly worked. *See* Exhibit C.

38. On or about April 11, 2023, Jennifer Spagnolia ("Spagnolia"), Interim VP/Chief Nursing Officer, notified Michalowicz that HR had recently informed Spagnolia of the Complaint Michalowicz had filed against Cheshareck.

39. On April 12, 2023, two days after Michalowicz filed the Complaint, Katie Baio ("Baio"), HR Director, called Michalowicz into her office. Spagnolia was also present.

40. During the meeting, Baio addressed Cheshareck's "feelings" as a consequence of hearing of Michalowicz's complaint against her and learning of Michalowicz' recent meeting with Spagnolia.

41. While there was no mention of Michalowicz' "feelings," Michalowicz asked that Advent remember that she was driven to file a complaint because of Cheshareck's harassing and hostile behavior, and as a consequence Michalowicz no

6

longer felt safe. See attached **Exhibit D.**

42. On or about April 28, 2023, Michalowicz contacted Derrico and Cherry via email to follow up on the status of her Complaint. Therein, she also indicated that she was very anxious, and again explained that she felt unsafe because Cheshareck was returning from vacation on May 1, 2023, after having been away since April 21, 2023.

43. Derrico responded to Michalowicz' email and advised her that she had investigated Michalowicz' claims and the investigation was complete.

44. Derrico further explained that that though she was unable to confirm all of Michalowicz' allegations, "it does appear that inappropriate behavior and violations of company policy took place, specifically in violation of CW HR 237." A true and accurate copy of the email communication is attached hereto as **Exhibit E.**

45. CW HR 237 lists the following amongst other things as violations of the Company's rules of conduct:, "Engaging in any type of harassment", "Disruptive, abusive, or profane behavior and/or language in the workplace", "Conduct or physical/verbal abuse toward facility patients, customers, visitors or other workforce members." A true and accurate copy of CW HR 237 is attached hereto as **Exhibit F**.

46. Four short days later, after the investigation was completed, and on the same day that Cheshareck returned to work, Advent terminated Michalowicz's employment without warning.

47. Michalowicz was terminated on May 1, 2023, after almost 16 years of employment with Advent, and approximately three short weeks after filing her

harassment complaint against Cheshareck.

48. Spagnolia and Baio were present for the termination.

49. Michalowicz was blindsided and stunned by the news.

50. Advent claimed that Michalowicz was terminated for failing to ensure that her email was safe, and thereby allowing a family member (her daughter Nicole and former employee of Advent) to access sensitive information after Nicole had ended her employment with Advent.[2]

51. Specifically, Michalowicz received a termination document which stated that on 4/28/23 (4 days after her daughter Nicole separated employment with Advent) Nicole sent an email to Spagnolia from Michalowicz' work email wherein she responded to the RN Week Manager adding Michalowicz' name to the RN Week Volunteer spreadsheet.

52. Second, the termination document states that on 5/1/23 (the date of Michalowicz's termination), Cheshareck sent an email to Spagnolia in which she explained that she was concerned about an email she had received several days prior on 4/26/23 from OR Scheduler, Cindy Todey ("Todey").

53. Todey allegedly reported to Cheshareck that Nicole had shared an OR staffing spreadsheet with her on 4/25/23. A true and accurate copy of the termination notice is attached hereto as **Exhibit G.**

54. On information and belief, while Michalowicz was at work, Nicole signed into her work email from Michalowicz' laptop which was in Michalowicz'

---

[2] Nicole resigned her position with Advent as an RN in the ICU department a few days prior on or about April 24, 2023.

8

home.

55. Nevertheless, Advent's purported reason for suddenly terminating Michalowicz after an almost 16-year distinguished career with the organization, 3 weeks after she filed a formal harassment complaint, only 4 days after HR completed an investigation into that Complaint, and the very same day that the person against whom she made the Complaint (Cheshareck) returned to work after a leave, is **pure** pre-text.

56. Michalowicz was terminated in retaliation for making a harassment complaint against Cheshareck, a Director level employee in the Advent organization.

57. After being employed for 15 ½ long years and having a clean performance record, Michalowicz was terminated without so much as a warning.

58. Michalowicz's termination was unlawful retaliation.

59. Moreover, since the time of her retaliatory discharge, several Advent doctors and administrators have written glowing letters of recommendation on Michalowicz's behalf and commensurate with her performance, achievements, and **work ethic**. *See* attached **Exhibit H**.

60. These letters provide further evidence that Advent didn't terminate Michalowicz because her daughter sent an email (including no private patient health information) to Spagnolia adding her mother's name to the volunteer spreadsheet, or because Michalowicz' daughter shared a staffing spreadsheet with OR scheduler, Cindy Todey (another Advent employee.)

9

61. Instead, Advent terminated Michalowicz because she exercised her legal right to put forth a complaint about Cheshareck's harassment.

62. Moreover, despite Advent's admission that Cheshareck violated Advent's rules of conduct via CW HR 237 (which includes prohibitions against harassment, abusive and profane language and behavior), Advent continues to employee Cheshareck to the present day, while having terminated Michalowicz.

## COUNT I
### Violation of 42 U.S.C.§ 2000e *et seq.*
### (Sexual Harassment)

63. Michalowicz incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64. Defendant subjected Michalowicz to unwelcome harassment.

65. Michalowicz was harassed on the basis of sex.

66. The harassment was severe and/or pervasive and altered the conditions of Michalowicz' employment with Defendant, such that it created a hostile work environment for Michalowicz.

67. Defendant acted in willful and reckless disregard of Michalowicz's protected rights.

68. As a result of the sexual harassment described herein, Michalowicz suffered loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer mental and emotional distress and anguish.

**WHEREFORE**, Michalowicz respectfully asks this Court to enter judgment in her favor and to grant her the following: (1) an award of money damages in an amount

to be determined at trial for all lost wages and benefits, emotional distress, anguish and humiliation; (2) punitive damages; (3) prejudgment interest; (4) reasonable attorney fees, costs, and litigation expenses; and (5) such other relief as the Court deems just and necessary.

## COUNT II
### Violation of 42 U.S.C.§ 2000e *et seq.*
### (Retaliation)

69. Michalowicz incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

70. Defendant subjected Michalowicz to sex-based discrimination and sexual harassment in violation of 42 U.S.C.§ 2000e *et seq.*

71. Michalowicz engaged in protected activity by making a complaint and reporting the harassment she experienced.

72. A mere three weeks after Michalowicz reported the harassment, Defendant terminated Michalowicz in retaliation for exercising her right under law to engage in protected activity.

73. Defendant acted in willful and reckless disregard of Michalowicz's protected rights.

74. As a result of Defendant's retaliatory conduct, Michalowicz suffered lost wages and benefits, mental and emotional distress, humiliation and anguish.

**WHEREFORE**, Michalowicz respectfully requests that this Court enter judgment in her favor and grant her the following: (1) an award of money damages in an amount to be determined at trial for all lost wages and benefits (including front

pay and back pay), emotional distress, anguish and humiliation; (2) punitive damages; (3) prejudgment interest; (4) reasonable attorney fees, costs, and litigation expenses; and (5) such other relief as the Court deems just and necessary.

## COUNT III
### Violation of the Illinois Human Rights Act
### (Sexual Harassment)

75. Michalowicz incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

76. Cheshareck, an Advent Director, engaged in harassing sexual conduct as described above.

77. Cheshareck's conduct was completely unwelcome by Michalowicz.

78. The harassment was severe and/or pervasive and altered the conditions of Michalowicz' employment with Advent.

79. Cheshareck's conduct created an intimidating, hostile, and offensive work environment for Michalowicz.

80. Cheshareck's conduct constitutes sexual harassment under the Illinois Human Rights Act ("the Act"), 775 ILCS 5/2-101(E).

81. It is a violation of the Act for an employer and/or employee to engage in sexual harassment, 775 ILCS 5/2-102(D).

82. Because Cheshareck is a management level employee, Advent is strictly liable for the sexual harassment committed by Cheshareck.

83. As a result of the acts described herein, Michalowicz suffered damages including lost wages, lost benefits, anguish and emotional distress.

**WHEREFORE**, Michalowicz respectfully requests that this Court enter judgment in her favor and grant her the following: (1) an award of money damages in an amount to be determined at trial for compensatory damages including but not limited to lost wages including front pay, back pay, and lost benefits, emotional distress and anguish; (2) an award of prejudgment interest; (3) an award of reasonable attorney fees, costs, and litigation expenses; and (4) such other relief as the Court deems just and necessary.

## COUNT IV
### Violation of the Illinois Human Rights Act
### (Retaliation)

84. Michalowicz incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

85. Michalowicz engaged in protected activity when she reported and opposed the sexual harassment she experienced.

86. Three short weeks after Michalowicz engaged in the aforementioned protected activity, and four days after Advent completed its investigation of Michalowicz's complaints, Advent terminated Michalowicz in retaliation for her report and opposition of the sexual harassment she experienced.

87. As a result of Advent's actions, Michalowicz suffered damages including lost wages, lost benefits, humiliation, anguish and great emotional distress.

**WHEREFORE**, Michalowicz respectfully requests that this Court enter judgment in her favor and grant her the following: (1) an award of compensatory damages in an amount to be determined at trial, including but not limited to lost

wages including front pay, back pay, and lost benefits, emotional distress and anguish; (2) an award of prejudgment interest; (3) an award of reasonable attorney fees, costs, and litigation expenses; and (4) such other relief as the Court deems just and necessary.

Dated: June 17, 2024          Respectfully submitted,

/s/ Paris L. Smith

Paris L. Smith
Rathje Woodward LLC
300 E. Roosevelt Road, Suite 220
Wheaton, IL 60187
Ph: (630) 668-8500
Fax: (630) 668-9218
psmith@rathjelaw.com
ARDC No. 6340972